UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| NATHAN REARDON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:25-cv-00540-JAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant | ) | |

### RECOMMENDED DECISION AFTER REVIEW
### OF PLAINTIFF'S COMPLAINT

Plaintiff filed a complaint against the federal government under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, seeking relief for injuries and property loss that he sustained while he was in federal custody. (Complaint, ECF No. 3.) Plaintiff also filed a motion to proceed without prepayment of fees, which motion the Court granted. (Motion, ECF No. 5; Order, ECF No. 7.) In accordance with the statute governing actions filed without the prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's allegations, I recommend the Court dismiss the matter.

#### Factual Allegations

Between April 2022 and December 2022, Plaintiff was in federal custody at the Hancock County Jail. While in federal custody, he "experienced severe pain and injury to his left shoulder." (Complaint ¶ 6.) Plaintiff made "repeated complaints," but staff

allegedly "failed to evaluate or treat his shoulder injury properly." (*Id.* ¶ 7.) In December 2022, Plaintiff was transferred to a federal prison in Pennsylvania. The medical condition persisted. The medical staff in the prison obtained an x-ray, but Plaintiff alleges that the condition "required soft tissue evaluation," an MRI, and/or an orthopedic evaluation. (*Id.* ¶ 9.)

Plaintiff was released from prison in May 2023. Despite Plaintiff's requests for the return of a medical device and items of clothing he was wearing when he first entered prison, the Bureau of Prisons has not returned the property or compensated him for the property. According to Plaintiff, the personal property was worth approximately $500.

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding without prepayment of fees, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

"A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551

U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

The FTCA waives the federal government's sovereign immunity and makes it liable "for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," to the extent that "the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

Plaintiff evidently intended to assert a medical malpractice claim based on the alleged failings of the medical staff at the prison in Pennsylvania.

> Because medical malpractice is a form of negligence, to state a prima facie cause of action, a plaintiff must demonstrate the elements of negligence: a duty owed by the physician to the patient, a breach of that duty by the physician, that the breach was the proximate cause of the harm suffered, and the damages suffered were a direct result of harm.

*Quinby v. Plumsteadville Family Practice, Inc.*, 589 Pa. 183, 199 (2006) (quotation marks omitted).[1]

---

[1] The staff members at the Hancock County Jail are not federal employees, and under the FTCA independent-contractor exception, "the United States cannot be held liable for the negligence of employees of government contractors whose daily operations are not closely supervised by United States officials." *Thiersaint v. DHS*, 85 F.4th 653, 663 (1st Cir. 2023) (discussing 28 U.S.C. § 2671); *see also United States v. Orleans*, 425 U.S. 807, 814–15 (1976) ("In [*Logue v. United States*, 412 U.S. 521 (1973)] this Court held that employees of a county jail that housed federal prisoners pursuant to a contract with the Federal Bureau of Prisons were not federal employees or employees of a federal agency; thus, the United States was not liable for their torts").

Plaintiff's substantive claim consists of the conclusory allegation that medical providers failed to treat him properly. Because Plaintiff provided few, if any, details regarding the injury, symptoms, or communications to the medical staff, there is no plausible basis for a finding that the medical providers breached their duty of care by ordering an x-ray rather than an MRI or an orthopedic evaluation. Furthermore, because Plaintiff does not allege that federal officials caused the shoulder injury, and because Plaintiff does not explain what occurred after the medical investigation/treatment in prison, there are no facts to establish causation and harm. In other words, even if other diagnostic tests were medically warranted, and even if Plaintiff intended to allege a legal harm based on the current condition of his shoulder, he has alleged no facts from which a fact finder could plausibly infer that an MRI or orthopedic evaluation would have alleviated the suffering or otherwise made a material difference in remedying Plaintiff's shoulder injury. *See A.G. by & through Maddox v. Elsevier, Inc.*, 732 F.3d 77, 82–83 (1st Cir. 2013) (applying plausibility inquiry to all elements of negligence claims and discussing cases supporting dismissal when there are insufficient factual allegations to support the conclusory allegation that the alleged negligence caused the alleged injury).

Plaintiff's personal property claim also fails. First, a plaintiff may not file a claim in district court without first filing an administrative notice of claim and exhausting the administrative process through a final denial or six months of inaction. 28 U.S.C. § 2675(a). Plaintiff alleged that he filed an administrative notice regarding the negligence claim, which administrative claim was denied, but Plaintiff does not allege that he filed an administrative notice or exhausted the administrative process for the personal property

claim. Second, an FTCA claim is barred if the administrative claim was not filed within two years of the date on which it accrued or if the lawsuit was not filed within six months of the administrative denial. 28 U.S.C. § 2401(b). Because Plaintiff's personal property claim evidently occurred in May 2023, the deadline to file an administrative claim has passed. Finally, even if Plaintiff's claim was properly exhausted and filed timely, his property claim would still fail because FTCA claims may not be based on the detention of property by law enforcement, including prison officers. 28 U.S.C. § 2680(c); *Adekoya v. Fed. Bureau of Prisons*, No. 08 CIV. 5912 (AKH), 2009 WL 874196, at *1 (S.D.N.Y. Mar. 30, 2009) ("Plaintiff's claim relates to property that was lost or damaged in a prison storage facility, and the FTCA may not be used for claims arising from the detention of property by law enforcement officers").

## CONCLUSION

After a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss the matter.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 13th day of January, 2026.