UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NATHAN REARDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-00540-JAW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**ORDER AFFIRMING RECOMMENDED DECISION**

On October 27, 2025, Nathan Reardon, an enjoined filer, filed a complaint against the United States of America, alleging (1) a tort claim against the United States asserting that Mr. Reardon received inadequate medical care while housed as a federal prisoner in the Hancock County Jail and after being transferred to Federal Prison Camp (FPC) Canaan, Pennsylvania, *Compl.* ¶¶ 1-10 (ECF No. 3); and (2) a supplemental claim against the United States asserting that when he was released from FPC Canaan, the prison staff failed to return his personal property. *Id.* ¶¶ 11-14. On October 27, 2026, this Court granted Mr. Reardon's motion for leave to file the complaint, *Order Granting Mot. for Leave to File Compl.* (ECF No. 2), and on the same day, the Magistrate Judge granted Mr. Reardon's motion to proceed without prepayment of fees and costs. *Order* (ECF No. 7).

On January 13, 2026, the Magistrate Judge recommended that the Court dismiss Mr. Reardon's complaint. *Recommended Decision After Review of Pl.'s Compl.* (ECF No. 8) (*Recommended Decision*). The Magistrate Judge's recommended decision contained the following notice to Mr. Reardon:

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.
>
> Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

*Id.* at 5.

Ignoring this notice, Mr. Reardon did not file a timely objection to the recommended decision with this Court; instead, he filed a notice of appeal directly to the Court of Appeals for the First Circuit. *Notice of Appeal* (ECF No. 9). On February 18, 2026, the Court of Appeals dismissed Mr. Reardon's appeal:

> Upon consideration of appellant's unopposed motion, it is hereby ordered that this appeal be voluntarily dismissed pursuant to Fed. R. App. P. 42(b)(2) with each party to bear its own cost.

*U.S. Ct. of Appeals for the First Circuit, J.* (ECF No. 13). On February 24, 2026, Mr. Reardon filed an objection to the recommended decision of the magistrate judge. *Pl.'s Objs. to the Magistrate Judge's Recommended Decision* (ECF No. 15) (*Pls.' Objs.*).

The Court doubts whether it should consider Mr. Reardon's objection to the recommended decision. Under Federal Rule of Civil Procedure 72(b)(2), Mr. Reardon had fourteen days to file an objection to the magistrate judge's recommended decision or by January 27, 2026. FED. R. CIV. P. 72(b)(2). As quoted above, the magistrate judge expressly informed Mr. Reardon of this time limit and that his failure to object would constitute a waiver of his right to do so. *Recommended Decision* at 5. Despite this clear directive, Mr. Reardon went his own way and attempted to appeal the

recommended decision directly to the Court of Appeals. Accordingly, Mr. Reardon filed his objection on February 24, 2026, nearly a month after his objection was due.

There is, however, an argument that the filing of the notice of appeal stayed the time limit of Rule 72(b)(2) and that a new objection period began to run upon the issuance of the Court of Appeals' mandate on February 18, 2026. *U.S. Ct. of Appeals for the First Circuit*, *Mandate* (ECF No. 14). If so, Mr. Reardon's February 24, 2026 objection would be timely.

On the assumption that his objection might be deemed timely, the Court performed a de novo review of the magistrate judge's recommended decision and affirms over Mr. Reardon's objection, the magistrate judge's recommendation that his complaint be dismissed because it "fails to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In his complaint, Mr. Reardon raises two issues: (1) an allegation of inadequate medical care at the Hancock County Jail and at the Federal Prison Camp in Canaan, Pennsylvania, and (2) an allegation that the United States Bureau of Prisons failed to return his personal property when he was released from federal custody. *Compl.* at 1-2.

As the magistrate judge explained, the law does not make the United States liable for the actions of state employees, *Recommended Decision* at 3 n.1, and therefore, to the extent his complaint alleges a cause of action against the United States of America for harm he claims was caused by the employees of the Hancock County Jail, his lawsuit against the United States must fail. Thus, whatever physical

3

problems he was having with his left shoulder from April 20, 2022 to December 2022, when he was at the Hancock County Jail are not cognizable in this lawsuit.

Next, he contends that he continued to experience left shoulder pain after he was transferred from state jail to federal prison in December 2022. Mr. Reardon says that he was at FPC Canaan from December 2022 through May 2023, a period of six months. But the magistrate judge observed that Mr. Reardon's complaint contains only conclusory allegations about medical care and the alleged failure to treat him properly. *Id.* at 4. Moreover, the magistrate judge concluded that Mr. Reardon had alleged "no facts from which a factfinder could plausible infer that an MRI or orthopedic evaluation would have alleviated the suffering or otherwise made a material difference in remedying Plaintiff's shoulder injury." *Id.*

In his objection, Mr. Reardon maintains that the magistrate judge and this Court must "accept factual allegations as true and may not weigh evidence or resolve factual disputes." *Pl.'s Objs.* at 1. True enough. But the United States Supreme Court has also written that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 500 U.S. at 570). "The plausibility standard invites a two-step pavane." *A.G. ex rel. Maddox v. Elsevier, Inc.*, 732 F.3d 77, 80 (1st Cir. 2013) (quoting *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 45 (1st Cir. 2012)). First, the Court "must separate

4

the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." *Id.* (quoting *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). Second, the Court "must determine whether the remaining factual content allows a 'reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Morales-Cruz*, 676 F.3d at 224).

Unfortunately for Mr. Reardon, the allegations in his complaint amount to no "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The Court, therefore, concludes that the magistrate judge correctly recommended the dismissal of the allegation of inadequate medical care under 28 U.S.C. § 1915(e)(2). To be actionable, Mr. Reardon must present some plausible facts that if he had received proper medical care during the six-month period he was at FPC Canaan, he would not have suffered the shoulder symptoms that form the basis of his complaint. When analyzed, Mr. Reardon's complaint amounts to the contention that because he suffered shoulder symptoms for a six-month period of federal incarceration, it must be someone else's fault. There is no allegation that the Court can credit that substantiates his claim of improper medical care.

Finally, in his objection, Mr. Reardon seeks to preserve his objections to the dismissal of his claims for the return of his personal property, but he recognizes "the Court's stated ground." *Pl.'s Obj.* at 2. The Court does not view Mr. Reardon's objection on this issue as complying with Federal Rule of Civil Procedure 72(b)(2), which requires the objecting party to "file specific written objections." *Id.* The Court

need address only those issues "that [have] been properly objected to." FED. R. CIV. P. 72(b)(3). There is no reason to conclude that the magistrate judge erred when he concluded that Mr. Reardon had failed to file an administrative notice of his claim against the Bureau of Prisons under 28 U.S.C. § 2675(a), that his claim for lost property is untimely under 28 U.S.C. § 2401(b), and that his claim for lost property is not cognizable under the Federal Tort Claims Act.

    SO ORDERED.

                                        /s/ John A. Woodcock, Jr.
                                        JOHN A. WOODCOCK, JR.
                                        UNITED STATES DISTRICT JUDGE

Dated this 9th day of March, 2026